United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-16-253-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-2824 |
| BILLIE HAWKINS | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Billie Hawkins, a federal prisoner proceeding *pro se*, filed an amended motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. (Docket Entry No. 244.) On February 16, 2023, the Government filed a motion to dismiss the amended motion, and mailed a copy of the motion to defendant at his address of record. (Docket Entry No. 247.) Despite expiration of a reasonable period of time in excess of fifty-five days, defendant has failed to oppose the motion to dismiss.

Having considered the amended section 2255 motion, the motion to dismiss, the record, and the applicable law, the Court GRANTS the Government's motion to dismiss and DISMISSES the amended section 2255 motion for the reasons that follow.

### *Background and Claims*

On November 30, 2016, defendant pleaded guilty to two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and to one count of discharging a firearm in furtherance of a crime of violence, aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Docket Entry No. 126.) The Court sentenced

defendant to a total term of incarceration of 330 months, followed by a three-year term of supervised release. Payment of restitution was ordered in an amount of $121,788.12. *Id.*

Defendant's appeal of his conviction and sentence was dismissed by the United States Court of Appeals for the Fifth Circuit on March 14, 2019, as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *United States v. Hawkins*, 757 F. App'x 388, 389 (5th Cir. 2019).

Defendant argues in his amended section 2255 motion that his section 924(c) conviction is subject to collateral attack under 28 U.S.C. § 2255 because Hobbs Act robbery and "aiding and abetting Hobbs Act robbery" do not qualify as predicate crimes of violence under 18 U.S.C. § 924(c). The Government argues that defendant's claim is waived, barred by limitations, procedurally defaulted, and foreclosed by Fifth Circuit precedent.

Although all four of the Government's grounds for dismissal have merit, the Court will dismiss defendant's habeas petition as foreclosed by governing Fifth Circuit precedent.

### *Legal Standards*

Generally, there are four grounds upon which a petitioner may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255

is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are afforded a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Analysis*

Defendant argues that his section 924(c) conviction is subject to collateral attack under 28 U.S.C. § 2255 because Hobbs Act robbery and "aiding and abetting Hobbs Act robbery" do not qualify as predicate crimes of violence under 18 U.S.C. § 924(c). In support, he relies on *United States v. Taylor*, ___U.S. ____, 142 S. Ct. 2015, 2021 (2022), which held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under the elements

clause of section 924(c)(3)(A). *Taylor* has no application to defendant's case, as he was not convicted of attempted Hobbs Act robbery.

In *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017), the Fifth Circuit Court of Appeals held that Hobbs Act robbery qualifies as a crime of violence under the use of force clause of section 924(c)(3)(A). *Id.* at 274–75. Subsequent Fifth Circuit decisions have continued to uphold that decision. *See*, *e.g*., *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018) (holding that "binding circuit precedent forecloses [the] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)"); *United States v. Hickman*, No. 21-40007, 2021 WL 6337506, at *1 (5th Cir. Sept. 23, 2021) (affirming that "that there is no error, plain or otherwise, where a district court classifies a Hobbs Act robbery as a crime of violence under the elements clause of § 924(c)(3)"); *United States v. Curtis*, 755 F. App'x 435, 436 (5th Cir. 2019) (unpublished) (noting that *Buck* forecloses argument that Hobbs Act robbery is not a crime of violence under section 924(c)).

Moreover, the Fifth Circuit Court of Appeals recently held that aiding and abetting Hobbs Act robbery is a crime of violence under the elements clause. *United States v. Hill*, \_\_\_F.4th \_\_\_\_, 2023 WL 2596748, at *19 (5th Cir. March 22, 2023) ("[W]e conclude that the substantive equivalence of aiding and abetting liability with principal liability means that aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence."). Consequently, defendant's challenges to the constitutionality of his convictions have no merit and warrant no habeas relief.

*Conclusion*

For the above reasons, the Government's motion to dismiss (Docket Entry No. 247) is GRANTED, and defendant's amended motion to vacate, set aside, or correct his sentence (Docket Entry No. 244) is DISMISSED WITH PREJUDICE.

A certificate of appealability is DENIED.

The related civil action in C.A. No. H-22-2824 (S.D. Tex.) is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas, on April __26__, 2023.

_____
Gray H. Miller
Senior United States District Judge